UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AUTO-OWNERS INSURANCE COMPANY | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:10-CV-018 JD |
| v. | ) |
| | ) |
| NANCY J. SHIRK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This was an insurance dispute between Auto-Owners Insurance Company and its insureds, Nancy J. Shirk and Donald M. Shirk. This matter proceeded past the summary judgment stage before the parties reached a settlement through mediation. On September 27, 2013, the parties filed a joint stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which terminated this action. [DE 71]. Just over a year then passed without any further activity, until Auto-Owners filed the present motion on September 29, 2014. [DE 72]. In its motion, Auto-Owners states that although the Shirks cashed their settlement check, they have failed to execute a release agreement as called for by the settlement. Auto-Owners thus asks the Court to enforce the agreement by requiring the Shirks to execute the release.

The Court must deny Auto-Owners' motion, as the parties' stipulation to dismiss this action *with prejudice* deprived the Court of jurisdiction to grant such relief in this matter. The Seventh Circuit addressed this scenario in *Pittman v. Dolton Police Dep't*, holding:

> No one disputes that, *prior* to the dismissal, the district court had jurisdiction to decide whether a valid settlement agreement existed. It was only when the district court dismissed the case with prejudice that it lost jurisdiction to do anything further; if it truly wanted to retain jurisdiction, the district court should have

dismissed the case without prejudice. As it is, the dismissal with prejudice simply means that future disputes over performance of the agreement will not automatically be handled by the district court.

191 F. App'x 465, 466 (7th Cir. 2006); *see also Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if [Defendant] wanted to enforce the settlement agreement and [Plaintiff] balked, [Defendant] would have to sue [Plaintiff] under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract."). Since the parties stipulated to the dismissal of this action with prejudice, the Court does not have jurisdiction to grant a motion to enforce settlement. If Auto-Owners wishes to enforce its settlement agreement, it may initiate a new action in the appropriate forum, but its motion to enforce settlement [DE 72] is DENIED.

SO ORDERED.

ENTERED:  October 21, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court